**Eugene Harris CORBETT, Petitioner—Appellant,**

v.

**Hoyt BRILL, in his capacity as Warden of the Prairie Correctional Facility; State of Hawaii Attorney General, Respondents—Appellees.**

No. 00–16722.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided June 19, 2003.

Suggestion for Rehearing En Banc Denied June 23, 2003.*

* Chief Judge Schroeder and Judge Fisher voted to deny the suggestion for rehearing en banc and Judge Alarcón recommended denial of the suggestion for rehearing en banc.

BEFORE: SCHROEDER, Chief Judge, ALARCÓN and FISHER, Circuit Judges.

### MEMORANDUM**

Appellant Eugene Harris Corbett appeals the district court's denial of his § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We REVERSE and REMAND for the appointment of a psychiatric expert to examine Corbett.

Corbett contends that he received ineffective assistance of counsel because his trial lawyer, Francis Akamine, failed to discover until the eve of trial information that would have supported the mitigating defense of extreme mental or emotional disturbance ("EMED"). Specifically, Akamine discovered that Corbett's altercation with the victim occurred shortly after Cor-

bett, who has a history of brain trauma and childhood abuse, had learned that the victim had sexually assaulted Corbett's ex-girlfriend. As a result of Akamine's failure to discover this information earlier, he did not present expert testimony in support of the EMED defense. A successful EMED defense would have reduced Corbett's offense from second degree murder to manslaughter.

The parties do not dispute that counsel's conduct fell outside the wide range of reasonable professional assistance required by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). They do dispute whether that deficient performance prejudiced Corbett.

In assessing Corbett's claim of prejudice, we must consider that under Hawaii law, once a defendant offers some evidence of EMED, the burden shifts to the government to disprove EMED beyond a reasonable doubt. *State v. Sawyer,* 88 Hawai'i 325, 966 P.2d 637, 645 (Haw.1998). Corbett offered sufficient evidence of EMED to shift the burden of proof to the government; however, the only testimony the jury heard in support of the EMED defense came from Corbett himself – hardly a disinterested witness. A psychiatric expert may well have added credibility and support to the EMED defense by explaining to the jury how a person with Corbett's history of brain trauma and childhood abuse—a history of which the jury was not fully informed—would have responded to the news that his ex-girlfriend had been sexually assaulted. We conclude that if the jury had heard such testimony, there is a reasonable probability that it would have found that the government had not met its burden of disproving EMED beyond a reasonable doubt. *Cf. Caro v.*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Woodford,* 280 F.3d 1247, 1258 (9th Cir. 2002) (finding prejudice at sentencing from counsel's failure to call an expert to testify about capital defendant's organic brain injury, even though the jury heard testimony that the defendant had suffered childhood abuse, because "the jury was not afforded the benefit of expert testimony explaining the effects Caro's *physiological* defects would have on his behavior, such as causing him to have 'impulse discontrol' and irrational aggressiveness") (emphasis in original).

Corbett has proffered no evidence, however, to show that an expert actually would have provided favorable testimony in support of his EMED defense. Without such a proffer we can only speculate about the nature and substance of an expert's testimony, and on this record, we are unwilling to rely on such speculation to support a finding of prejudice. *See Grisby v. Blodgett,* 130 F.3d 365, 373 (9th Cir.1997) ("Speculation about what an expert could have said is not enough to establish prejudice.")

Significantly, however, we have been advised that Corbett's failure to provide evidence that an expert would have offered testimony in support of his EMED defense is due to no fault of his own. Corbett asked the state postconviction court for funds to hire an expert to support his EMED defense, but the court denied his request. Corbett also asked the district court, in his Supplemental Objections to the Findings & Recommendation that Petition for Habeas Corpus be Denied, to allow him to seek a psychiatric evaluation in order to obtain an expert report. The district court did not rule on the request, and instead denied his petition without the benefit of an expert report.

We treat the refusal to rule on Corbett's request as a denial of the request, which we review for abuse of discretion. *United*

*States v. Depew,* 210 F.3d 1061, 1065 (9th Cir.2000) (citing *United States v. Labansat,* 94 F.3d 527, 530 (9th Cir.1996)). The district court abused its discretion if "(1) a reasonably competent counsel would have required the assistance of the requested expert for a paying client, and (2) [Corbett] was prejudiced by the lack of expert assistance." *Id.* (internal quotation marks omitted). Prejudice must be shown by clear and convincing evidence. *Id.*

Given the likely impact of favorable expert testimony on the outcome of Corbett's trial, we hold that the district court abused its discretion in failing to grant Corbett's request for a psychiatric examination. Reasonably competent counsel would have required the assistance of an expert, because without such assistance the district court could only speculate about the testimony an expert would have provided at Corbett's trial. Moreover, Corbett clearly was prejudiced by the lack of expert assistance in his habeas proceedings before the district court. In light of the state's burden to disprove EMED beyond a reasonable doubt—a burden that the district court did not address in its denial of relief—it is likely that Corbett would have been able to establish prejudice from counsel's performance if he had proffered evidence that an expert would have supported his EMED defense. Corbett therefore was prejudiced by the denial of the opportunity to obtain the evidence necessary to support his claim.

Accordingly, we reverse the denial of Corbett's § 2254 petition and remand to the district court with instructions to appoint an expert to conduct a psychiatric examination of Corbett. If the court finds that Corbett is unable to pay the expert's fees, it should authorize the use of public funds pursuant to 18 U.S.C. § 3006A(e)(1). When the court receives the expert report, it shall reassess whether the state court's

rejection of Corbett's ineffective assistance claim was "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), bearing in mind that the state bore the burden at trial to disprove EMED beyond a reasonable doubt.

**REVERSED** and **REMANDED.**